UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, and WESTERN NATIONAL ASSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>GARY TREPANIER EXCAVATING, LLC, a Washington limited liability company,<br><br>Defendants. | NO: 1:19-CV-3172-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART |

BEFORE THE COURT is Plaintiffs Western National Mutual Insurance Company and Western National Assurance Company's Motion for Summary Judgment (ECF No. 6). Defendants Gary Trepanier Excavating, LLC, did not file an opposition to the Motion for Summary Judgment. The Court has reviewed the record and submitted briefing, and is fully informed. For the reasons discussed below, the Motion for Summary Judgment (ECF No. 6) is **granted in part**.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART ~ 1

# BACKGROUND

Plaintiffs Western National Mutual Insurance Company and Western National Assurance Company brought this action for declaratory judgment against its insureds, Defendants Gary Trepanier Excavating, LLC, ("GTE") and Gary J. Trepanier (owner of GTE), seeking a determination that Plaintiffs do not have a duty to defend or indemnify GTE or Mr. Trepanier in a law suit filed against both. As discussed more below, Mr. Trepanier has since passed away, leaving GTE as the only named Defendant.

A. **Underlying Lawsuit**

Mr. Dezsi and Ms. Dunn filed the underlying suit against GTE and Mr. Trepanier on July 20, 2018, asserting the following claims:

(1) wrongful withholding of wages (RCW 49.52.050);
(2) payment below minimum wage (RCW 49.46.020);
(3) wage payment act violations (RCW 49.48);
(4) negligent misrepresentation;
(5) negligence;
(6) breach of contract;
(7) promissory estoppel; and
(8) unjust enrichment.

ECF No. 1-1 at 5.  The suit involves two overarching issues: (1) alleged landlord liability arising from a sewage leak (and potentially a claim for wrongful eviction) and (2) alleged wage violations.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART ~ 2

The alleged wage violations stem from Mr. Trepanier's decision to withdraw monthly rental payments from Mr. Dezsi's pay as an employee of GTE. In short, Mr. Dezsi, an employee of GTE, began renting a home owned by Mr. Trepanier on June 1, 2007 for $400.00 per month. ECF No. 1-1 at 4, ¶¶ 4.3-4.4. Instead of having Mr. Dezsi pay Mr. Trepanier rent directly, Mr. Trepanier deducted the amount due from Mr. Dezsi's pay as an employee of GTE. ECF No. 1-1 at 4, ¶ 4.4. This arrangement was "satisfactory" to Mr. Dezsi until sometime around October of 2016, when the rental was impacted by a raw sewage leak—the central event giving rise to the remaining claims. ECF No. 1-1 at 4, ¶ 4.5.

In October of 2016, "[t]he home located up the slope from Mr. Dezsi's residence, also owned by Mr. Trepanier . . . began leaking raw sewage [which flowed] down the hill, and under the footings of the home where Mr. Dezsi and his spouse reside." ECF No. 1-1 at 4, ¶ 4.6. The sewage leak was caused by a tree root system that infiltrated the septic drain field, resulting in complete saturation of the drain field and the complained-of pooling of sewage. ECF No. 1-1 at 4, ¶ 4.9. This allegedly caused Mr. Dezsi and Ms. Dunn health issues and other damages. ECF No. 1-1 at 4, ¶ 4.7. Mr. Trepanier was notified several times of the issue, but it was not resolved. ECF No. 1-1 at 4, ¶ 4.8. Instead, Mr. Trepanier served Mr. Dezsi with a 20-day notice of eviction. ECF No. 1-1 at 5, ¶ 4.11.

//

B. **Policies**

Mr. Trepanier and GTE had a Commercial Policy Package in place with Western National since February 26, 2010. ECF No. 6 at 4. The Policy includes Commercial General Liability Coverage ("CGL") with an Employment Practices Liability Insurance endorsement ("EPLI"). ECF No. 6 at 4.

The CGL policy includes "Coverage A" and "Coverage B". Coverage A of the CGL provides "that Western National will pay sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' that takes place in the coverage territory and occurs during the policy period." ECF No. 6 at 5 (quoting policy); *see* ECF No. 8-3 at 6. Coverage B of the CGL policy provides coverage for "personal and advertising injury". ECF No. 6 at 6; *see* ECF No. 8-3 at 11. The CGL policy contains a Washington Changes – Employment-Related Practices Exclusion endorsement that applies to Coverage A and Coverage B of the CGL and excludes from coverage "bodily injury" and "personal and advertising injury" arising out of "employment-related practices, policies, acts or omissions . . . ." ECF No. 8-5 at 2.

The EPLI endorsement covers losses arising out of an insured's "wrongful employment act" against an employee. ECF No. 6 at 8; *see* ECF No. 8-6 at 15. The EPLI endorsement contains an exclusion for all claims and suits "for violation(s) of any . . . duties imposed by" the Fair Labor Standards Act or "similar

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART ~ 4

federal, state [or] local . . . statutory law or common law," including any and all claims that "allege, arise out of, are based upon, are attributable to, or are in any way related to the refusal, failure, or inability to pay wages or to improper deductions from pay taken by an insured from any employee." ECF No. 8-6 at 8.

C. **Procedure**

Defendants sought coverage from Plaintiffs for the underlying lawsuit and Plaintiffs initiated their defense with a reservation of rights. ECF No. 1 at 11, ¶ 48. Soon thereafter, Plaintiffs filed this declaratory action seeking a determination that they do not have a duty to defend Defendants in the underlying action or indemnify Defendants for any resulting liability. ECF No. 1.

Plaintiffs filed the pending Motion for Summary Judgment on October 25, 2019, requesting the Court resolve the requests for declaratory judgment in their favor. ECF No. 6. Mr. Trepanier subsequently passed away and the Plaintiffs dismissed Mr. Trepanier from the action, leaving GTE as the sole defendant. *See* ECF No. 11. GTE did not file an opposition to the Motion. The Motion is now before the Court.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if he or she demonstrates "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the

outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Mere allegations or denials in the pleadings are not enough. *Liberty Lobby*, 477 U.S. at 248. Further, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252. Per Rule 56(c), parties must support assertions by "citing to particular parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## DISCUSSION

Plaintiffs assert they have no duty to defend or indemnify Mr. Trepanier and GTE in the underlying lawsuit. "The duty to indemnify exists only if the insurance

policy actually covers the insured's liability, whereas the duty to defend arises when the policy could *conceivably* cover allegations in a complaint." *Xia v. ProBuilders Specialty Insurance Company*, 188 Wash. 2d 171, 182 (2017) (emphasis in original).

The Court declines to address Plaintiffs' arguments that relate to Mr. Trepanier in his individual capacity – the claims related to the sewage leak and (potentially) the eviction – because he has been dismissed and Plaintiffs have not joined the estate of Mr. Trepanier. The request for a declaratory judgment related to the sewage leak or eviction only implicate the interests of the estate of Mr. Trepanier and the failure to include the estate would impede the estate's ability to protect its interests. *See* Fed. R. Civ. P. 19. As such, these claims must be dismissed for failure to join a necessary party.

The only claims directly involving GTE are limited to the claims involving the alleged wrongful withholding of Mr. Dezsi's monthly payment for rent. Plaintiffs argue there is no coverage for these claims because the complained-of act is specifically excluded from coverage. The Court agrees.

First, there is no coverage under the CGL. The CGL policy specifically excludes from coverage "bodily injury" and "personal and advertising injury" arising out of "employment-related practices, policies, acts or omissions . . . ." ECF No. 8-5 at 2. The complained-of withholding was an employment-related act,

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART ~ 7

as it occurred within the context of compensating Mr. Dezsi as an employee. While the exclusion does not appear to apply to "property damage", *see* ECF No. 8-5 at 2, the withholding of wages is not property damage.

Second, the EPLI endorsement covers losses arising out of an insured's "wrongful employment act" against an employee, but the definition does not include failure to pay wages, the wrongful withholding of wages, or eviction proceeding against an employee. ECF No. 6 at 8; *see* ECF No. 8-6 at 15. The EPLI form also specifically excludes all claims and suits "for violation(s) of any . . . duties imposed by" the Fair Labor Standards Act or "similar federal, state [or] local . . . statutory law or common law," including any and all claims that "allege, arise out of, are based upon, are attributable to, or are in any way related to the refusal, failure, or inability to pay wages or to improper deductions from pay taken by an insured from any employee." ECF No. 8-6 at 8. The claims related to GTE improperly withholding the rental payment from Mr. Dezsi's pay clearly fall under the exclusion. Accordingly, the Court finds there is no coverage for the wage-related issues. Plaintiffs are entitled to summary judgment on this issue.

In summary, Plaintiffs have demonstrated the wage-related conduct is not covered by the relevant insurance policy so Plaintiffs have no duty to indemnify or defend Defendant GTE with respect to the wage-related allegations.

//

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART ~ 8

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Plaintiffs Western National Mutual Insurance Company and Western National Assurance Company's Motion for Summary Judgment (ECF No. 6) is **GRANTED IN PART**. Plaintiffs have no duty to indemnify or defend Defendant GTE with respect to the wage-related allegations.

The District Court Executive is directed to enter this Order, enter judgment for Plaintiffs against Defendant Gary Trepanier Excavating, LLC, provide copies to the parties and **close** the file.

DATED February 11, 2020.



THOMAS O. RICE
Chief United States District Judge